WHITE v. GOLDSBERG.

MARRIED WOMEN—ESTOPPEL—FORECLOSURE—BILLS AND NOTES.—
When a married woman executes a promissory note and mortgage,
wherein she declares the same is for the benefit of her separate estate,
and the mortgagee transfers the same without notice to the contrary,
and for value before maturity, she is estopped from denying that they
were executed for benefit of her separate estate in foreclosure by
transferee.

Before BENET, J., Barnwell, July, 1896. Affirmed.

Action in foreclosure by J. B. White & Co. against Mat-
tie Goldsberg and H. S. Lifshiz. The following is the
Circuit decree, excepting the formal parts:

This is an action to foreclose a mortgage made by the
defendant, Mattie Goldsberg, in favor of the defendant, H.
S. Lifshiz, to secure her note for the sum of $400, which
note and mortgage were assigned to the plaintiff, who
brings this action. Lifshiz defaulted in answering, while
Mattie Goldsberg resists this action, upon the ground that
she was a married woman when the said note and mortgage
were given; that it was not a contract for the benefit of her
separate estate; but, to the contrary, were given to secure
a debt of her husband, Jacob Goldsberg, contracted before
her intermarriage with him. I find the facts from the tes-
timony as follows: That the note and mortgage were exe-
cuted on the 7th of August, A. D. 1893, and the mortgage
recorded on the same date; that the debt secured thereby
matured on the 1st of January, 1894; that the note con-
tains this recital on its face: "The same being for the ben-
efit of my separate estate." That the mortgage contained
this recital on its face: "And I hereby declare my intention
to bind my separate estate, being a married woman." That
Lifshiz took this note and mortgage to the plaintiff, who is
a merchant doing business in the city of Augusta, Ga., on
the 10th of August (just three days after they were executed
and the mortgage recorded), and then and there duly as-

signed them as collateral security for this account, which amounted to $224.60, and which is due, and no part of the same has ever been paid. There is further testimony to the effect that Lifshiz returned to Barnwell when this note and mortgage were made, and that Mattie Goldsberg paid him the $400, upon which he (Lifshiz) entered a satisfaction of record, dated the 21st of August, 1893. Now, while from the character of these parties and the circumstances which I gather from the testimony, I doubt the *bona fides* of this transaction, yet, admitting it to be true, it could not affect the rights of the plaintiff, who was then the legal owner and holder of the note and mortgage, for the amount due him by Lifshiz on account. Relative to the married woman's defense, I hold as matter of law, under the facts as above set forth, that Mattie Goldsberg is estopped. When she made that note and mortgage, in terms showing that they were made with reference to her separate estate, she is estopped from denying them, unless she had proved that it was known to the plaintiff to be untrue before he took an assignment of them and parted with his goods, and this she did not attempt to prove.

From this decree the defendant, Mattie Goldsberg, appeals on the following exceptions:

1. That his Honor, the presiding Judge, erred in not finding, as matter of fact, that the note and mortgage, mentioned in the complaint, were executed by the defendant, Mattie Goldsberg, she then being a married woman, to secure the payment of a debt of her husband, and that the mortgagee, her codefendant, Lifshiz, had knowledge at the time of these facts.

2. That his Honor, the presiding Judge, erred in finding, as matter of fact, that there was any indebtedness due on the part of the mortgagee, Lifshiz, to the plaintiff in this action.

3. That his Honor, the presiding Judge, erred in not finding, as matter of fact, that Lifshiz, the mortgagee, had notice

at the time of the execution and delivery to him of said note and mortgage, that they were executed to secure an antecedent debt of the mortgagor's husband to him, and not for the benefit of the mortgagor's separate estate, and was not misled by any representations to the contrary on the face of said note and mortgage, and in not concluding, as matter of law, that said note and mortgage were void in the hands of said mortgagee, who could maintain no action thereon.

4. That his Honor, the presiding Judge, erred in concluding, as matter of law, that the defendant mortgagor was estopped to deny the representations in the note and mortgage that they were executed with reference to her separate estate, unless she had proven that they were known to the plaintiff to be untrue before he took the assignment of the note and mortgage.

5. That his Honor, the presiding Judge, erred in not holding and concluding, as matter of law, that where the evidence shows that the note and mortgage sued on were executed by a married woman for the purpose of securing the debt of her husband, of which facts the mortgagee had knowledge, the burden of proof was upon the assignee of such mortgagee to prove himself an innocent holder *bona fide* for value, before he could recover upon said note and mortgage.

6. That his Honor, the presiding Judge, erred in not finding, as matter of fact, and in not concluding, as matter of law, that the plaintiff in this case had failed to prove himself an innocent indorsee and assignee in good faith of the note and mortgage mentioned in the complaint.

*Messrs. Bellinger, Townsend* and *O'Bannon,* for appellant, cite: *The plaintiff must show that he is bona fide holder:* 104 U. S., 505; 11 Wall., 139; 12 N. E. R., 348; 3 Johns. Ch., 332; 40 N. E., 209; 23 N. E., 802. *Burden then shifts to defendant:* 12 S. E. R., 952; 14 S. E. R., 623. *What proof establishes bona fide holder:* 35 S. C., 365; 25 N. E., 404; 55 N. Y., 441; 76 N. Y., 282.

*Messrs. Bates & Simms*, contra, cite: *Notice to assignee of defense:* 35 S. C., 461; 42 S. C., 323.

July 9, 1897. The opinion of the Court was delivered by

MR. JUSTICE POPE. On the 7th day of August, 1893, Mattie Goldsberg made her promissory note of that date for the sum of $400, due on the 1st day of January, 1894, and payable to one H. F. Lifshiz. On the same day she executed a deed by way of a mortgage of a tract of land, situate in Barnwell County, in this State, to secure said note. In the former was the recital that "the same (the debt) was for the benefit of her separate estate," and in the mortgage was the recital, "I hereby declare my intention to bind same (lot of land mortgaged) as my separate estate, being a married woman." This mortgage was duly recorded in the office of the register of mesne conveyance for Barnwell County. Thereafter, to wit: on the 10th day of August, 1893, the said H. F. Lifshiz indorsed the note payable to the order of J. B. White & Co., of the city of Augusta, in the State of Georgia, and on the same day—10th of August, 1893—the said H. S. Lifshiz assigned by his deed therefor the mortgage, and the note and mortgage were placed in the hands of J. B. White & Co. After maturity of the note, the said J. B. White & Co., which firm was really only J. B. White, commenced an action in the name of J. B. White, as plaintiff, against Mattie Goldsberg and H. S. Lifshiz, as defendants, in the Court of Common Pleas for Barnwell County to foreclose said mortgage, and from the proceeds of sale to pay, first, the costs and disbursements of this action, then to pay the debt and interest of the plaintiff, which debt was only $224.60, and any balance thereafter remaining to be applied in accordance with the rights of and equities existing between the defendants, Mattie Goldsberg and H. S. Lifschiz. The defendant, H. S. Lifshiz, made no answer, but Mrs. Mattie Goldsberg, while admitting that J. B. White & Co. was only J. B. White, that she had made the note as stated in the complaint, and secured its payment by the execution of the

mortgage by herself; that she had never paid J. B. White his debt, yet set up the defense that the note she executed to H. S. Lifshiz was for a. debt due by her husband and not for a debt of her own to him, and also that on the 21st day of August, 1893, she had paid to said H. S. Lifshiz the debt of $400, and on that date received from said H. S. Lifshiz a receipt in full of the mortgage and also a satisfaction, under the hand and seal of H. S. Lifshiz, of the mortgage she had executed to him. Testimony was taken by the master for Barnwell County, and upon the pleadings and testimony the cause came on to be heard before his Honor, Judge Benet, at the July, 1896, term of the Court of Common Pleas for Barnwell, S. C., and on the 22d July, 1896, Judge Benet made his decree in favor of the plaintiff. Thereupon the said Mattie Goldsberg appealed to this Court. Let the decree and exceptions be included in the report of the case.

We find no difficulty in overruling all these exceptions. In fact, we are entirely satisfied with the decree of the Circuit Judge. When Mrs. Goldsberg made her promissory note and executed her mortgage to secure it, each containing a stipulation that the same was for the benefit of her separate estate, and declaring that it was her intention to bind her separate estate thereby, she placed it in the power of her codefendant, H. S. Lifshiz, to transfer the same before maturity, so as to estop her from denying the recitals contained in each. And when H. S. Lifshiz transferred the same for value before maturity, without notice, to the plaintiff, J. B. White, he held the same beyond the power of Mrs. Goldsberg and H. S. Lifshiz to mar or destroy them. Our two decisions of *Nott* v. *Thomson*, 35 S. C., 461, and *Bailey* v. *Seymour*, 42 S. C., 323, are conclusive of this contention.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, and that the cause be remanded to the Circuit Court to enforce the decree of such Circuit Court.